# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LATROY MELVIN MIDDLEBROOK,
            Appellant,

        v.

SOCIAL SECURITY
   ADMINISTRATION,
            Agency.

DOCKET NUMBER
PH-3330-16-0477-I-1

DATE: March 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LaTroy Melvin Middlebrook, Arlington, Texas, pro se.

Daniel Hutman, Esquire, and Michael Davio, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1		The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2		The agency terminated the appellant during his competitive-service probationary period, and he filed a Board appeal. *Middlebrook v. Social Security Administration*, MSPB Docket No. PH-315H-16-0053-I-1, Initial Appeal File, Tab 1; *Middlebrook v. Social Security Administration*, MSPB Docket No. PH-315H-16-0053-I-1, Final Order, ¶ 2 (Sept. 22, 2016). The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, and the appellant filed a petition for review. *Middlebrook*, MSPB Docket No. PH-315H-16-0053-I-1, Final Order, ¶¶ 2-4. The Board dismissed the petition for review as untimely filed but found that the appellant had raised claims under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), which

the administrative judge had not addressed. *Id.*, ¶¶ 10-11. The Board forwarded these claims to the Northeastern Regional Office for docketing as the instant appeal. *Id.*, ¶ 14.

¶3      On September 23, 2016, the administrative judge issued two jurisdictional orders—one on VEOA and one on USERRA—and directed the appellant to file evidence and argument on the jurisdictional issues no later than October 2, 2016. *Middlebrook v. Social Security Administration*, MSPB Docket No. PH-3330-16-0477-I-1, Initial Appeal File (IAF), Tabs 3, 4. The appellant did not respond. On June 27, 2017, the administrative judge issued an order for the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 6. He directed the appellant to address the jurisdictional issue and to explain why he had failed to respond to the previous orders. *Id.* The administrative judge set a response deadline of July 5, 2017. *Id.* The appellant did not file a response. On July 10, 2017, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 9, Initial Decision.

¶4      On July 24, 2017, the appellant filed a petition for review, stating that he wishes to submit a claim for compensatory damages for his wrongful termination. *Middlebrook v. Social Security Administration*, MSPB Docket No. PH-3330-16-0477-I-1, Petition for Review (PFR) File, Tab 1 at 4.[3] He attached 108 pages of unexplained documentation to his petition. *Id.* at 5-113. On October 3, 2017, the appellant filed an additional 110 pages of unexplained documentation. PFR File, Tab 2 at 8-118. The agency has not filed a response.

---

[3] The appellant filed the petition for review via the e-Appeal Online form for a motion for compensatory damages. PFR File, Tab 1 at 4. We find that it was appropriate to construe this filing as a petition for review because the record below already had closed, and the disposition of the appeal was such that a motion for compensatory damages would have been unavailing. *See generally* 5 C.F.R. § 1201.204.

## ANALYSIS

¶5      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Ahlberg v. Department of Health and Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986); 5 C.F.R. § 1201.43(b).  The imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in his efforts to comply.  *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000).  The Board will review a dismissal for failure to prosecute under an abuse of discretion standard.  *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 6 (2011).

¶6      In this case, the appellant failed to respond to two jurisdictional orders.  He also failed to respond to a follow-up show cause order that specifically warned him that his appeal would be dismissed if he did not respond.  In fact, there is no evidence that the appellant took any steps to prosecute his appeal at all until he filed his petition for review.  This even includes the appeal itself, which was filed not by the appellant but sua sponte by the Board.  The Board has upheld dismissals for failure to prosecute under similar circumstances.  *See, e.g.*, *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015).  We therefore find that the administrative judge did not abuse his discretion in dismissing the appeal.

¶7      The appellant's petition for review does not address either the jurisdictional issue or the issue of failure to prosecute.  PFR File, Tab 1 at 4.  Nor does the attached documentation have any apparent relation to these issues.  *Id.* at 5-113.  Furthermore, even considering the appellant's untimely supplement to the petition for review, we find that he still has not established an adequate basis to disturb the initial decision.  The appellant explains that he was moving across the country and had limited internet access between early July and July 24, 2017, PFR File, Tab 2 at 5, but this does not account for his failure to respond to the

September 23, 2016 jurisdictional orders or to the June 27, 2017 show cause order.  Even if the appellant's move might have affected his ability to comply with the latter order, he has not explained why he was unable to inform the administrative judge of his upcoming move or request an extension of time to reply.  Furthermore, this pleading and its supplementary documentation still does not address the outstanding jurisdictional issues, which the administrative judge twice informed the appellant he must address if his appeal was to proceed.  PFR File, Tab 2; IAF, Tabs 3-4, 6.

¶8    For these reasons, we find that the administrative judge did not abuse his discretion in dismissing the appeal for failure to prosecute and that the appellant has provided no basis on review to disturb the initial decision.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.